UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES HUSPON,

    Plaintiff,

v.                         CAUSE NO. 3:20-CV-65-PPS-MGG

SHERRI FRITTER, ASHLEY BURNHAM,
and NANCY B. MARTHAKIS,

    Defendants.

OPINION AND ORDER

James Huspon, a prisoner without a lawyer, filed a complaint raising several claims related to his broken wheelchair. A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Huspon alleges he is a paraplegic and must use a wheelchair. He alleges he repeatedly told Sherri Fritter and Ashley Burnham that his wheelchair was broken and needed to be repaired from December 7, 2018, until May 26, 2019. He alleges they were deliberately indifferent when they ignored his requests for nearly six months. On May 26, 2019, "the brakes, and the entire left frame fell apart causing Huspon to fall from the

chair crashing to the floor [and] onto the side of the steel bed" rendering him unconscious. ECF 2 at 7.

A prisoner alleging deliberate indifference to a hazardous condition of confinement must "allege that [a defendant] deliberately ignored a prison condition that presented an objectively, sufficiently serious risk of harm." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014). The allegations here are similar to those in *Anderson v. Morrison*, 835 F.3d 681, 683 (7th Cir. 2016,) where Anderson stated a claim when he alleged he was forced to traverse stairs without assistance which were "clogged with several days' of accumulated food and rubbish" while cuffed behind the back. Huspon alleges he was repeatedly forced to move about the prison in a dangerously broken wheelchair which eventually collapsed causing him serious bodily injury. These allegations state a claim and he will be granted leave to proceed against Sherri Fritter and Ashley Burnham for being deliberately indifferent to his broken wheelchair from December 7, 2018, to May 26, 2019.

As a result of falling from his wheelchair, Huspon states he injured his arm. When he saw Dr. Nancy B. Marthakis on June 25, 2019, he alleges she "refuse to discuss his injury nor offer any type of treatment whatsoever . . .." ECF 2 at 8. She also "refused to examine his arm" on July 19, 2019, though she gave him "some pills" which "don't work . . .." ECF 2 at 9. He also alleges she later cancelled his pain medication. For medical professionals to be held liable for deliberate indifference to a serious medical need, they must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the

person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Huspon plausibly alleges Dr. Marthakis was deliberately indifferent and will be granted leave to proceed against her for refusing him medical treatment on June 25, 2019 and July 19, 2019, and for cancelling his pain medication.

Huspon alleges Sherri Fritter and Ashley Burnham denied him necessary medical supplies for his incontinence on several occasions. This states a claim for denying him medical treatment. He also alleges they retaliated against him for filing grievances by providing him with inferior quality medical products for his incontinence on other occasions. "To prevail on his First Amendment retaliation claim, [the plaintiff] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted). Here, he has plausibly alleged that Sherri Fritter and Ashley Burnham retaliated against him by providing inferior quality medical products for his incontinence.

Huspon alleges his current wheelchair has needed repairs since July 30, 2019, but Sherri Fritter and Ashley Burnham refuse to fix it or allow others to do so. He also alleges he is unable to obtain medical treatment for his arm injury. He seeks both preliminary and permanent injunctive relief. The Indiana State Prison Warden has both the authority and the responsibility to ensure that Huspon receives the medical

treatment to which he is entitled under the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, the Warden will be added as a defendant in his official capacity on the claims for injunctive relief.

For these reasons, the Court:

(1) GRANTS James Huspon leave to proceed against Sherri Fritter and Ashley Burnham in their individual capacities for compensatory and punitive damages for being deliberately indifferent to his broken wheelchair from December 7, 2018, to May 26, 2019, resulting in his being seriously injured in violation of the Eighth Amendment;

(2) GRANTS James Huspon leave to proceed against Sherri Fritter and Ashley Burnham in their individual capacities for compensatory and punitive damages for denying him necessary medical supplies for his incontinence on several occasions in violation of the Eighth Amendment;

(3) GRANTS James Huspon leave to proceed against Sherri Fritter and Ashley Burnham in their individual capacities for compensatory and punitive damages for retaliating against him for filing grievances by providing him with inferior quality medical products for his incontinence on several occasions in violation of the First Amendment;

(4) GRANTS James Huspon leave to proceed against Dr. Nancy B. Marthakis in her individual capacity for compensatory and punitive damages for denying him medical treatment for his arm on June 25, 2019, and July 19, 2019, as well as later cancelling his pain medication in violation of the Eighth Amendment;

(5) DIRECTS the clerk to add the Indiana State Prison Warden as a defendant;

(6) GRANTS James Huspon leave to proceed against the Indiana State Prison Warden in his official capacity for injunctive relief to repair his wheelchair and to receive medical treatment for his arm as required by the Eighth Amendment;

(7) DISMISSES all other claims;

(8) DIRECTS the clerk to request Waiver of Service from (and if necessary the United States Marshals Service to serve process on) Sherri Fritter, Ashley Burnham, and Dr. Nancy B. Marthakis at Wexford of Indiana, LLC, with a copy of this order and the complaint, pursuant to 28 U.S.C. § 1915(d);

(9) DIRECTS the clerk to request Waiver of Service (and the United States Marshals Service to serve process if necessary) on the Indiana State Prison Warden at the Indiana Department of Correction with a copy of this order and the complaint, pursuant to 28 U.S.C. § 1915(d);

(10) ORDERS the Indiana Department of Correction and Wexford of Indiana, LLC, to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant who does not waive service;

(11) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Sherri Fritter, Ashley Burnham, Dr. Nancy B. Marthakis, and the Indiana State Prison Warden to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order; and

(12) ORDERS the Indiana State Prison Warden to respond to the request for preliminary injunctive relief with a declaration and supporting documentation as necessary by **February 13, 2020**, explaining how James Huspon is being provided with a safe wheelchair and receiving medical treatment for his arm as required by the Eighth Amendment.

ENTERED: January 23, 2020.

<u>/s/ Philip P. Simon</u>
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT