UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES HUSPON,

    Plaintiff,

    v.      CAUSE NO. 3:20-CV-65-PPS-MGG

SHERRI FRITTER, ASHLEY BURNHAM,
and NANCY B. MARTHAKIS,

    Defendants.

OPINION AND ORDER

James Huspon, a prisoner without a lawyer, was granted "leave to proceed against the Indiana State Prison Warden in his official capacity for injunctive relief to repair his wheelchair and to receive medical treatment for his arm as required by the Eighth Amendment[.]" ECF 4 at 5. I ordered the Warden to respond to Huspon's request for preliminary injunctive relief on those claims. *Id*. at 6. The Warden has responded and Huspon has filed a reply. ECF 13 and 15.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (citations omitted). To obtain a preliminary injunction, the moving party must show (1) he will suffer irreparable harm before the final resolution of his claims; (2) available remedies at law are inadequate; and (3) he has a likelihood of success on the merits. *BBL, Inc. v. City of Angola*, 809 F.3d 317, 323–24 (7th Cir. 2015).

The Warden declares Huspon's wheelchair was repaired on December 19, 2019. ECF 13-1 at 3. Huspon says it was not. ECF 15 at 3. Nevertheless, Huspon says it has been repaired by other inmates. *Id*. He does not say his wheelchair is currently in need of repair. Though there are questions about who is responsible to repair the wheelchair, because Huspon has not shown his wheelchair needs repairs now, there is no basis for issuing a preliminary injunction requiring the Warden repair it.

The Warden declares Huspon complained about his wrist on August 5, 2019, when he was seen by a nurse. ECF 13 at 4. At that time he asked for an MRI or CT scan, but was told that was unlikely because the X-ray had not shown any injury. The Warden declares he has been seen by a nurse every week since then and as of January 30, 2019, "has made no additional complaints to medical staff . . .." *Id*. at 5. Huspon agrees he has not mentioned his wrist pain to medical staff. ECF 15 at 3. He explains he did not because "Defendants had made their position crystal clear. They weren't willing to do anything to determine why Huspon's wrist pain constantly throbbed and felt as if something was being ripped every time he attempted any type of movement." *Id*.

Huspon asked for an MRI or CT scan. However, inmates are "not entitled to demand specific care … [nor] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Huspon has not shown he was refused any treatment for his wrist pain—only that he was refused the specific imaging techniques he requested last August. He admits he has not sought treatment for his wrist for more than six months. Huspon is entitled to constitutionally adequate medical care, but he is not being denied medical care if he is not telling his healthcare providers he needs it. Pain in his wrist is

2

not an obvious injury such that they are required to act without being alerted by him. As such, he has no likelihood of success on the merits of a claim for being denied medical treatment for his wrist pain from August 5, 2019, to present.

For these reasons, the request for preliminary injunctive relief is DENIED.

SO ORDERED on February 24, 2020.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT